UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING SPIDER LLC, | **CIVIL ACTION NO.**<br>**1:23-cv-4424-GHW** |
| *Plaintiff* | |
| v. | **PRELIMINARY**<br>**INJUNCTION ORDER** |
| GUANGZHOU MAIYUAN ELECTRONIC COMMERCE CO., LTD. d/b/a APPROVED-CLOTHING.COM d/b/a KINGSPIDERSHOP.COM/ d/b/a SP5DER.CO/ d/b/a SP5DER.CA d/b/a SP5DER.SHOP/ d/b/a SP5DERHOODIE.CO d/b/a SP5DERHOODIE.COM/ d/b/a SP5DERHOODIE.NET/ d/b/a SPIDERAPPAREL.NET/ d/b/a SPIDERAPPAREL.SHOP d/b/a SPIDERWORLDWIDE.CLOTHING/ d/b/a SPIDERWORLDWIDE.NET/ d/b/a SPIDERWORLDWIDE.US/; PUTIAN YOUCHENG E-COMMERCE CO., LTD. d/b/a APPROVED-CLOTHING.COM d/b/a KINGSPIDERSHOP.COM/ d/b/a SP5DER.CO/ d/b/a SP5DER.CA d/b/a SP5DER.SHOP/ d/b/a SP5DERHOODIE.CO d/b/a SP5DERHOODIE.COM/ d/b/a SP5DERHOODIE.NET/ d/b/a SPIDERAPPAREL.NET/ d/b/a SPIDERAPPAREL.SHOP d/b/a SPIDERWORLDWIDE.CLOTHING/ d/b/a SPIDERWORLDWIDE.NET/ d/b/a SPIDERWORLDWIDE.US/; APPROVED-CLOTHING.COM; KINGSPIDERSHOP.COM/; SP5DER.CO/; SP5DER.CA; SP5DER.SHOP/; SP5DERHOODIE.CO; SP5DERHOODIE.COM/; SP5DERHOODIE.NET/; SPIDERAPPAREL.NET/; SPIDERAPPAREL.SHOP; SPIDERWORLDWIDE.CLOTHING/; SPIDERWORLDWIDE.NET/; and SPIDERWORLDWIDE.US/, | |
| *Defendants* | |

**GLOSSARY**

| | |
|---|---|
| **Plaintiff or King Spider** | King Spider LLC |
| **Defendants** | Guangzhou Maiyuan Electronic Commerce Co., Ltd. d/b/a approved-clothing.com d/b/a kingspidershop.com/ d/b/a Sp5der.co/ d/b/a sp5der.ca d/b/a sp5der.shop/ d/b/a sp5derhoodie.co d/b/a sp5derhoodie.com/ d/b/a sp5derhoodie.net/ d/b/a spiderapparel.net/ d/b/a spiderapparel.shop d/b/a spiderworldwide.clothing/ d/b/a spiderworldwide.net/ d/b/a spiderworldwide.us/; Putian Youcheng E-commerce Co., Ltd. d/b/a approved-clothing.com d/b/a kingspidershop.com/ d/b/a Sp5der.co/ d/b/a sp5der.ca d/b/a sp5der.shop/ d/b/a sp5derhoodie.co d/b/a sp5derhoodie.com/ d/b/a sp5derhoodie.net/ d/b/a spiderapparel.net/ d/b/a spiderapparel.shop d/b/a spiderworldwide.clothing/ d/b/a spiderworldwide.net/ d/b/a spiderworldwide.us/; approved-clothing.com; kingspidershop.com/; Sp5der.co/; sp5der.ca; sp5der.shop/; sp5derhoodie.co; sp5derhoodie.com/; sp5derhoodie.net/; spiderapparel.net/; spiderapparel.shop; spiderworldwide.clothing/; spiderworldwide.net/; and spiderworldwide.us/ |
| **Cloudflare** | Cloudflare, Inc., with an address of 101 Townsend Street, San Francisco, California 94107, and any and all affiliated companies, which operate a cloud-based web infrastructure platform, available at www.cloudflare.com, that enables capabilities to host static websites on a content delivery network |
| **NameCheap** | NameCheap, Inc., with an address of 600 E Washington St Ste 305, Phoenix, Arizona, 85034, and any and all affiliated companies, which operates an ICANN accredited domain name registrar and web hosting company, available at www.namecheap.com, that allows consumers to register domain names and create websites |
| **GoDaddy** | GoDaddy Inc, with an address of 2155 E GoDaddy Way, Tempe, Arizona 85284, and any and all affiliated companies, which operate a domain name registrar and web hosting company, available at www. www.godaddy.com, that allows consumers to register domain names and create websites |
| **Go Get Canada** | Go Get Canada Domain Registrar Ltd., with an address of 40 Van Fleet Terrace Milton ON L9T 0Y4 Canada, and any and all affiliated companies, |

| | consumers to register domain names and create websites, available at www.gogetcanada.ca |
|---|---|
| **Porkbun** | Porkbun LLC, with an address of 21370 SW Langer Farms Parkway, Suite 142-429 Sherwood, OR 97140, US, and any and all affiliated companies, which operates an ICANN accredited domain name registrar, available at www.porkbun.com |
| **Wix** | Wix.com Ltd, with an address of 40 Namal Tel-Aviv st., Israel, and any and all affiliated companies, which provides cloud-based web development services, available at www.wix.com |
| **Google** | Google LLC, specifically Google Cloud, with an address of 1600 Amphitheatre Parkway Mountain View, CA 94043, and any and all affiliated companies, which provides cloud computing and web-hosting services, available at cloud.google.com/solutions/web-hosting |
| **Dream Host** | New Dream Network, LLC, with and address of 707 Wilshire Blvd Suite 5050 Los Angeles, CA 90017, and any and all affiliated companies, which provides web hosting and domain name registrar services, available at www.dreamhost.com |
| **Digital Ocean** | Digital Ocean, LLC, with an address of 101 6th Ave, New York, NY 10013, and any and all affiliated companies, which provides web hosting services, available at www.digitalocean.com |
| **Hostinger** | Hostinger International Limited, with an address of Jonavos g. 60c, Kaunas 44192, Lithuania, and any and all affiliated companies, which provides web hosting services and operates an ICANN-accredited domain registrar, available at www.hostinger.com |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, NY 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *ex parte* application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service; and 5) an order authorizing expedited discovery |
| **Rucker Dec.** | Declaration of CB Rucker in Support of Plaintiff's Application |

| | |
|---|---|
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Sp5der Applications** | U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 for "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 for "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 for "SP5" for a variety of goods in Class 25; 88/812,557 for "SP5WOM" for a variety of goods in Class 25; 97/141,407 for "  " for a variety of goods in Classes 9 and 41; 90/183,203 for "  " for a variety of goods in Class 25; 97/141,391 for "  " for a variety of goods in Classes 9 and 41; 90/662,161 for "  " for a variety of goods in Class 25; 90/271,508 for "  " for a variety of goods in Class 25; 90/183,210 for "  " for a variety of goods in Class 25; and 97/141,416 for "  " for a variety of goods in Classes 9 and 41 |
| **Sp5der Registrations** | U.S. Trademark Registration Nos.: 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 for "  " for a variety of goods in Class 25; 6,688,472 for "  " for a variety of goods in Class 25; and 7,031,211 for "  " for a variety of goods in Class 25 |
| **Sp5der Marks** | The marks covered by the Sp5der Registrations and |

| | |
|---|---|
| | Sp5der Applications |
| **Sp5der Products** | A young, successful high-end lifestyle streetwear line founded by American rapper, Young Thug, specializing in men's and women's apparel, accessories, bags and other ready-made goods |
| **Counterfeit Products** | Products bearing or used in connection with the Sp5der Marks, and/or products in packaging and/or containing labels bearing the Sp5der Marks, and/or bearing or used in connection with marks that are confusingly similar to the Sp5der Marks and/or products that are identical or confusingly similar to the Sp5der Products |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at approved-clothing.com; sp5derhoodie.com/; kingspidershop.com/; Sp5der.co/; sp5der.ca; sp5der.shop/; sp5derhoodie.co; sp5derhoodie.net/; spiderapparel.net/; spiderapparel.shop; spiderworldwide.clothing/; spiderworldwide.net/; and spiderworldwide.us/, along with the domain names associated therewith |
| **Infringing Domain Names** | sp5derhoodie.com/; Sp5der.co/; sp5der.ca; sp5der.shop/; sp5derhoodie.co and sp5derhoodie.net/ |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' Websites (whether said accounts are located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard") and Discover Financial Services, Inc. ("Discover") |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Counterfeit Products and and/or Defendants' Websites, including, without limitation, |

|  | Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, "SHIPPING DEPT DEPT NJ" located at 1055 Sesame Street, Franklin Park, Illinois 60131, 1000 High Street, Perth Amboy, New Jersey 08861, website hosts, such as Cloudflare, Inc. ("Cloudflare"), Google LLC ("Google Cloud"), Digital Ocean, LLC ("Digital Ocean"), Hostinger International Limited ("Hostinger") and New Dream Network ("Dream Host") domain name registrars, such as GoDaddy.com, LLC ("GoDaddy"), NameCheap, Inc. ("NameCheap"), Go Get Canada Domain Registrar Ltd. ("Go Get Canada"), Porkbun LLC ("Porkbun") and Wix.com Ltd. ("Wix") and domain name registries |
|---|---|

WHERAS, Plaintiff having moved *ex parte* on May 26, 2023 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiff's Application on May 26, 2023 (the "TRO") which ordered Defendants to appear on June 14, 2023 at 10:00 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on June 9, 2023,, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO, all papers filed in support of the Application on Defendants' email addresses: topline-us@outlook.com, mycustomerservice11@gmail.com, khan@stuccy.com and Lostloveapparel.mgmt@gmail.com, but was unable to serve Defendants' email addresses: admin@sp5der.ca, admin@sp5der.shop, support@kingspidershop.com, support@sp5der.co, support@sp5der.shop, support@sp5derhoodie.co, Ahmed@sp5derhoodie.net, info@sp5derhoodie.net, support@spiderworldwide.clothing and support@spiderworldwide.net;

WHEREAS, on June 13, 2023, pursuant to the alternative methods of service authorized by the TRO, Plaintiff served the Summons, Complaint, TRO and all papers filed in support of the Application on Defendants' email addresses: brilgo.com@gmail.com, musheikh00@gmail.com, cecepapa63@gmail.com, waseem3@rocketmail.com, sp5derhoodie00463@gmail.com, saaqibmian@gmail.com, waseem86622@gmail.com, kaamyhostinger10@gmail.com, asimahmed91@gmail.com and jphillips.2025@bishopmcdevitt.org, but was unable to serve

Defendants'         email         addresses:         Kamran@spiderworldwide.net, mu116522@usermx.cloudflareorgs.com and mu65063@usermx.cloudflareorgs.com.

WHEREAS, on June 14, 2023 at 10:00 a.m., Plaintiff appeared at the Show Cause Hearing, however, no Defendants appeared.

## **ORDER**

1. Plaintiff is entitled to injunctive relief through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

   i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Sp5der Marks;;

   ii. directly or indirectly infringing in any manner Plaintiff's Sp5der Marks;;

   iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Sp5der Marks; to identify any goods or services not authorized by Plaintiff;

   iv. using Plaintiff's Sp5der Marks; and/or any other marks that are confusingly similar to the Sp5der Marks; and/or any other artwork that is substantially similar to the Sp5der Marks; on or in connection with Defendants' Websites and/or Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

   v. using any false designation of origin or false description, or engaging in any action which is likely

to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to

the affiliation, connection or association of any product manufactured, imported, exported,

advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with

Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported,

exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by

Defendants, website owned or operated by Defendants, services provided by Defendants and/or

Defendants' commercial activities and Plaintiff;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or

dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records,

documents or any other records or evidence relating to their User Accounts, Merchant Storefronts

or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing,

promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or utilizing any other

device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this

Order;

viii. linking, transferring, selling and/or operating Defendants' Websites;

ix. registering, trafficking in or using any domain names that incorporate any of Plaintiff's Sp5der

Marks or any other marks that are confusingly or substantially similar to the Sp5der Marks, or any

colorable imitation thereof, including the Infringing Domain Names; and

x. knowingly instructing any other person or business entity to engage in any of the activities referred

to in subparagraphs 1(a)(i) through 1(a)(ix) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) through

1(c)(ii)1(c)(ii) below.

b)  Accordingly, Defendants and all persons in active concert and participation with

them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

ii. Secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

iii. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix) and 1(b)(i) through 1(b)(ii) above, and 1(c)(i) through 1(c)(ii) below.

c)   Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions through the pendency of this litigation:

i. providing services to Defendants, including, without limitation, those in connection with the continued operation of Defendants' Websites;

ii. permitting the transfer, sale and/or assignment of Defendants' Websites; and.

iii. instructing, aiding or abetting Defendants and/or any person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(ix), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2.  As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

>  a)  Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

>  b)  Plaintiff may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

>  c)  Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiff's counsel with all documents and records in their possession, custody or control, relating to any and all of Defendants' Financial Accounts, , including, but not limited to, documents and records relating to:

>  i.  account numbers;

>  ii.  current account balances;

>  iii.  any and all identifying information for Defendants and Defendants' Websites, including names, addresses and contact information;

>  iv.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business

entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v.   any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, documents sufficient to identify the geographic location(s) of any consumers from which deposits were sent,deposit slips, withdrawal slips, cancelled checks and account statements; and

vi.   any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the geographic location(s) of the transferor(s), the identity of the beneficiary's bank and the beneficiary's account number.

d)   Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control relating to Defendants' Websites,, including, but not limited to, documents and records relating to:

i.   account details, including, without limitation, identifying information and account numbers for any and all accounts or websites that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

ii.   the identities, location and contact information, including any and all e-mail addresses of Defendants;

iii.   the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' Websites,, a full accounting of

Defendants' sales history and listing history under Defendants' Websites andDefendants' Financial Accounts with any and all Financial Institutions associated with Defendants' Websites; and

iv.   Defendants' manufacturing, importing, exporting, advertising, marketing, promotion, distribution, display,, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Sp5der Marks that are confusingly similar to, identical to and constitute an infringement of the Sp5der Marks.

3.  As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a)      delivery of: (i) PDF copies of this Order and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where Defendants will be able to download a PDF copy of this Order, to Defendants' e-mail addresses, topline-us@outlook.com, mycustomerservice11@gmail.com, admin@sp5der.ca, khan@stuccy.com, admin@sp5der.shop, support@kingspidershop.com, support@sp5der.co, support@sp5der.shop, support@sp5derhoodie.co, Ahmed@sp5derhoodie.net, info@sp5derhoodie.net, support@spiderworldwide.clothing, support@spiderworldwide.net, Lostloveapparel.mgmt@gmail.com, brilgo.com@gmail.com, musheikh00@gmail.com, cecepapa63@gmail.com, waseem3@rocketmail.com, sp5derhoodie00463@gmail.com, saaqibmian@gmail.com, waseem86622@gmail.com, kaamyhostinger10@gmail.com, jphillips.2025@bishopmcdevitt.org,

Kamran@spiderworldwide.net,          mu116522@usermx.cloudflareorgs.com,

mu65063@usermx.cloudflareorgs.com and asimahmed91@gmail.com.

4.   As sufficient cause has been shown, that such alternative service by electronic means ordered

in the TRO and herein shall be deemed effective as to Defendants, Third Party Service

Providers and Financial Institutions through the pendency of this action.

5.   As sufficient cause has been shown, service of this Order shall be made on and deemed

effective as to the Third Party Service Providers and Financial Institutions if it is completed by

the following means:

a)       delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where

PayPal Inc. will be able to download a PDF copy of this Order via electronic mail

to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

b)       delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where

Go Get Canada Domain Registrar Ltd. will be able to download a PDF copy of this

Order via electronic mail to legal@namecheap.com;;

c)       delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where

Cloudflare, Inc. will be able to download a PDF copy of this Order via electronic

mail to abuse@cloudflare.com;

d)       delivery of: (i) a PDF copy of this Order, and (ii) a link to a secure website where

NameCheap, Inc. will be able to download a PDF copy of this Order via electronic

mail to legal@namecheap.com;.

e)       delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where

GoDaddy will be able to download a PDF copy of this Order via electronic mail to

compliancemgr@godaddy.com and courtdisputes@godaddy.com

f)        delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Porkbun, LLC will be able to download a PDF copy of this Order via electronic mail to legal@porkbun.com;

g)        delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Wix.com Ltd will be able to download a PDF copy of this Order via electronic mail to subpoenas@wix.com;

h)        delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Stripe, Inc. will be able to download a PDF copy of this Order via electronic mail to notices@stripe.com;

i)         delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Google LLC will be able to download a PDF copy of this Order via electronic mail to google-legal-support@google.com and legal-notices@google.com

j)         delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where New Dream Network, LLC will be able to download a PDF copy of this Order via electronic mail to legal@dreamhost.com;

k)        delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Digital Ocean, LLC will be able to download a PDF copy of this Order via electronic mail to legal@digitalocean.com;

l)         delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Hostinger International Limited will be able to download a PDF copy of this Order via electronic mail to support@hostinger.com;

m)        delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Stripe Payments Canada, Ltd. will be able to download a PDF copy of this Order

via electronic mail to notices@stripe.com;

n)      delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Visa Inc. will be able to download a PDF copy of this Order via electronic mail to businessconduct@visa.com;

o)      delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where American Express Company will be able to download a PDF copy of this Order via electronic mail to amexsru@aexp.com;

p)      delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Mastercard Inc. will be able to download a PDF copy of this Order via electronic mail to ipinquiries@mastercard.com;

q)      delivery of (i) a PDF copy of this Order, and (ii) a link to a secure website where Discover Financial Services, Inc. will be able to download a PDF copy of this Order via electronic mail to civilsubpoena@discover.com;

r)      delivery of a copy of the TRO to Dept # T42 Shipping Dept 1055 Sesame Street, Franklin Park, Illinois 60131; and

s)      delivery of a copy of the TRO to 1000 High Street, Perth Amboy, New Jersey 08861.

6. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

7. The $5,000.00 bond posted by Plaintiff shall remain with the Court until a final disposition of this case or until this Order is terminated.

8. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the

Order on two (2) days' notice to Plaintiff or on shorter notice as set by the Court.


**SO ORDERED.**

SIGNED this 27th day of June, 2023
New York, New York


_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE