Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:	(212) 292-5390
Facsimile:	(212) 292-5391
*Attorneys for Plaintiff*
*King Spider LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KING SPIDER LLC,<br><br>*Plaintiff*<br><br>v.<br><br>GUANGZHOU MAIYUAN ELECTRONIC COMMERCE CO., LTD. d/b/a APPROVED-CLOTHING.COM d/b/a KINGSPIDERSHOP.COM/ d/b/a SP5DER.CO/ d/b/a SP5DER.CA d/b/a SP5DER.SHOP/ d/b/a SP5DERHOODIE.CO d/b/a SP5DERHOODIE.COM/ d/b/a SP5DERHOODIE.NET/ d/b/a SPIDERAPPAREL.NET/ d/b/a SPIDERAPPAREL.SHOP d/b/a SPIDERWORLDWIDE.CLOTHING/ d/b/a SPIDERWORLDWIDE.NET/ d/b/a SPIDERWORLDWIDE.US/; PUTIAN YOUCHENG E-COMMERCE CO., LTD. d/b/a APPROVED-CLOTHING.COM d/b/a KINGSPIDERSHOP.COM/ d/b/a SP5DER.CO/ d/b/a SP5DER.CA d/b/a SP5DER.SHOP/ d/b/a SP5DERHOODIE.CO d/b/a SP5DERHOODIE.COM/ d/b/a SP5DERHOODIE.NET/ d/b/a | CIVIL ACTION No.<br>23-cv-4424 (DEH)<br><br>[PROPOSED]<br>FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

| | |
|---|---|
| SPIDERAPPAREL.NET/ | d/b/a |
| SPIDERAPPAREL.SHOP | d/b/a |
| SPIDERWORLDWIDE.CLOTHING/ | d/b/a |
| SPIDERWORLDWIDE.NET/ | d/b/a |
| SPIDERWORLDWIDE.US/; APPROVED-CLOTHING.COM; KINGSPIDERSHOP.COM/; SP5DER.CO/; SP5DER.CA; SP5DER.SHOP/; SP5DERHOODIE.CO; SP5DERHOODIE.COM/; SP5DERHOODIE.NET/; SPIDERAPPAREL.NET/; SPIDERAPPAREL.SHOP; SPIDERWORLDWIDE.CLOTHING/; SPIDERWORLDWIDE.NET/; and SPIDERWORLDWIDE.US/, | |

*Defendants*

## **GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or King Spider** | King Spider LLC | N/A |
| **Defendants** | Guangzhou Maiyuan Electronic Commerce Co., Ltd. d/b/a approved-clothing.com d/b/a kingspidershop.com/ d/b/a Sp5der.co/ d/b/a sp5der.ca d/b/a sp5der.shop/ d/b/a sp5derhoodie.co d/b/a sp5derhoodie.com/ d/b/a sp5derhoodie.net/ d/b/a spiderapparel.net/ d/b/a spiderapparel.shop d/b/a spiderworldwide.clothing/ d/b/a spiderworldwide.net/ d/b/a spiderworldwide.us/; Putian Youcheng E-commerce Co., Ltd. d/b/a approved-clothing.com d/b/a kingspidershop.com/ d/b/a Sp5der.co/ d/b/a sp5der.ca d/b/a sp5der.shop/ d/b/a sp5derhoodie.co d/b/a sp5derhoodie.com/ d/b/a sp5derhoodie.net/ d/b/a spiderapparel.net/ d/b/a spiderapparel.shop d/b/a spiderworldwide.clothing/ d/b/a spiderworldwide.net/ d/b/a spiderworldwide.us/; approved-clothing.com; kingspidershop.com/; Sp5der.co/; sp5der.ca; sp5der.shop/; sp5derhoodie.co; sp5derhoodie.com/; sp5derhoodie.net/; spiderapparel.net/; spiderapparel.shop; spiderworldwide.clothing/; spiderworldwide.net/; and spiderworldwide.us/ | N/A |
| **Defaulting Defendants** | Putian Youcheng E-commerce Co., Ltd. d/b/a approved-clothing.com d/b/a kingspidershop.com/ d/b/a Sp5der.co/ d/b/a sp5der.ca d/b/a sp5der.shop/ d/b/a sp5derhoodie.co d/b/a sp5derhoodie.com/ d/b/a sp5derhoodie.net/ d/b/a spiderapparel.net/ d/b/a spiderapparel.shop d/b/a spiderworldwide.clothing/ d/b/a spiderworldwide.net/ d/b/a spiderworldwide.us/; approved-clothing.com; kingspidershop.com/; Sp5der.co/; sp5der.ca; sp5der.shop/; sp5derhoodie.co; sp5derhoodie.net/; spiderapparel.net/; spiderapparel.shop; spiderworldwide.clothing/; spiderworldwide.net/; and spiderworldwide.us/ | N/A |
| **Sealing Order** | Order to Seal File entered on May 25, 2023 | 1 |
| **Complaint** | Plaintiff's Complaint filed on May 26, 2023 | 6 |

| **Application** | Plaintiff's *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Defendants' Websites (as defined *infra*) and Defendant's Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | 13-14 |
|---|---|---|
| **Rucker Dec.** | Declaration of CB Rucker in Support of Plaintiff's Application | N/A |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | 14 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Defendants' Websites and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on May 26, 2023 | 15 |
| **PI Show Cause Hearing** | June 14, 2023 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | June 27, 2023 Preliminary Injunction Order | 16 |
| **Sp5der Applications** | U.S. Application Nos.: 97/141,401 for "555 555" for a variety of goods in Classes 9, 25 and 41; 97/141,377 for "SP5DER" for a variety of goods in Classes 9, 35 and 41; 88/490,200 for "KING SPIDER" for a variety of goods in Class 25; 88/779,551 for "SP5 WORLDWIDE" for a variety of goods in Class 25; 90/298,790 for "SP5" for a variety of goods in Class 25; 88/812,557 for "SP5WOM" for a variety of goods in Class 25; 97/141,407 for " 555 555 " for a variety of goods in Classes 9 and 41; 90/183,203 for " 5 " for a variety of goods in Class 25; 97/141,391 for " sp5der " for a variety of goods in Classes 9 and 41; 90/662,161 for " SP5DER " for a variety of goods in Class 25; 90/271,508 for " SP5WOM " for a variety of goods in Class | N/A |

| | | |
|---|---|---|
| | 25; 90/183,210 for " ![logo] " for a variety of goods in Class 25; and 97/141,416 for " ![p*nk! logo] " for a variety of goods in Classes 9 and 41 | |
| **Sp5der Registrations** | U.S. Trademark Registration Nos.: 6,512,199 for "SP5DER" for a variety of goods in Class 25; 6,681,320 for " ![sp5der logo] " for a variety of goods in Class 25; 6,688,472 for " ![p*nk! logo] " for a variety of goods in Class 25; and 7,031,211 for " ![555 555 logo] " for a variety of goods in Class 25 | N/A |
| **Sp5der Marks** | The marks covered by the Sp5der Registrations and Sp5der Applications | N/A |
| **Sp5der Products** | A young, successful high-end lifestyle streetwear line specializing in men's and women's apparel, accessories, bags and other ready-made goods | N/A |
| **Plaintiff's Website** | https://kingspider.co | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Sp5der Marks, and/or products in packaging and/or containing labels bearing the Sp5der Marks, and/or bearing or used in connection with marks that are confusingly similar to the Sp5der Marks and/or products that are identical or confusingly similar to the Sp5der Products | N/A |
| **Defendants' Websites** | Any and all fully interactive websites held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them, that they operate to communicate with consumers regarding their Counterfeit Products and/or through which consumers purchase Counterfeit Products for delivery in the U.S., including, without limitation, Defendants' websites located at approved-clothing.com; sp5derhoodie.com/; kingspidershop.com/; Sp5der.co/; sp5der.ca; sp5der.shop/; sp5derhoodie.co; sp5derhoodie.net/; | N/A |

| | | |
|---|---|---|
| | spiderapparel.net/;  spiderapparel.shop; spiderworldwide.clothing/;  spiderworldwide.net/; and spiderworldwide.us/, along with the domain names associated therewith | |
| **Infringing Domain Names** | sp5derhoodie.com/;  Sp5der.co/;  sp5der.ca; sp5der.shop/;  sp5derhoodie.co  and sp5derhoodie.net/ | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by Defendants or Defendants' Websites (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong"), Stripe Payments Canada, Ltd. ("Stripe"), Visa Inc. ("Visa"), American Express Company ("American Express"), Mastercard Inc. ("Mastercard") and Discover Financial Services, Inc. ("Discover") | N/A |
| **Third Party Service Providers** | Any third party providing services in connection with Defendants' Counterfeit Products and and/or Defendants' Websites, including, without limitation, Internet Service Providers ("ISP"), back-end service providers, web designers, merchant account providers, any providing shipping and/or fulfillment services, "SHIPPING DEPT DEPT NJ" located at 1055 Sesame Street, Franklin Park, Illinois 60131, 1000 High Street, Perth Amboy, New Jersey 08861, website hosts, such as Cloudflare, Inc. ("Cloudflare"), Google LLC ("Google Cloud"), Digital Ocean, LLC ("Digital Ocean"), Hostinger International Limited ("Hostinger") and New Dream Network ("Dream Host") domain name registrars, such as GoDaddy.com, LLC ("GoDaddy"), NameCheap, Inc. ("NameCheap"), Go Get Canada Domain Registrar Ltd. ("Go Get Canada"), Porkbun LLC ("Porkbun") and Wix.com Ltd. ("Wix") and domain name registries | N/A |
| **Defaulting Defendant's Frozen Assets** | Defaulting Defendants' Assets from Defaulting Defendants' Financial Accounts that were and/or are attached and frozen or restrained pursuant to the TRO and/or PI Order, or which are attached and frozen or restrained pursuant to any future order entered by the Court in this Action | N/A |

| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on April 5, 2024 | Dkts. 39-42 |
|---|---|---|
| **Nastasi Aff.** | Affidavit of Gabriela N. Nastasi in Support of Plaintiff's Motion for Default Judgment | Dkt. 40 |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark counterfeiting, trademark infringement, false designation of origin, passing off and unfair competition and cybersquatting in violation of the Anticybersquatting Consumer Protection Act arising from Defaulting Defendants' willful infringement of the Sp5der Marks including, without limitation, through Defaulting Defendants' prominent use of Sp5der Marks on Defaulting Defendants' Websites and/or in connection with their advertisement, marketing, promotion, offering for sale and/or sale of Counterfeit Products and/or in the Infringing Domain Names.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificates of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defendant's Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of $14,000,000.00 against Defaulting Defendants, pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.  Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Infringing Products or any other products bearing the Sp5der Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting or infringement of the Sp5der Marks;

   B. directly or indirectly infringing in any manner Plaintiff's Sp5der Marks;

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Sp5der Marks, to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Sp5der Marks and/or any other marks that are confusingly similar to the Sp5der Marks on or in connection with Defaulting Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the

       trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities and Plaintiff;

  F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Infringing Domain Names and/or Defaulting Defendants' Websites and/or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products ;

  G. effecting assignments or transfers, forming new entities or associations, or utilizing any other device for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

  H. linking, transferring, selling and/or operating Defaulting Defendants' Websites; and

  I. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H) above and III(3)(A) through III(3)(B) and III(4)(A) through III(4)(B) below.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the

possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks other rights including, without limitation, the Sp5der Marks, or bear any marks that are confusingly similar to the Sp5der Marks pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts;

   B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Assets and Defaulting Defendants' Financial Accounts; and

   C. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(3)(B) above.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

   A. providing services to Defaulting Defendants, including, without limitation, those in connection with the continued operation of Defaulting Defendants' Websites;

   B. permitting the transfer, sale and/or assignment of Defendants' Websites; and

C. instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H), III(3)(A) through III(3)(B), and III(4)(A) through III(4)(B) above.

## IV.     Order Transferring Infringing Domain Names

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in order to give practical effect to the permanent injunction granted herein, Defaulting Defendants' Infringing Domain Names are hereby ordered to be immediately transferred by Defaulting Defendants to Plaintiff. To the extent the Defaulting Defendants do not facilitate the transfer of the Infringing Domain Names to Plaintiff's control within five (5) days of receipt of this Order, the Third Party Service Providers shall, within thirty (30) days of receipt of this Order, change the registrar(s) of record for the Infringing Domain Names to a registrar of Plaintiff's choosing, thereby transferring the Infringing Domain Names to Plaintiff; and

2) IT IS FURTHER ORDERED that should Plaintiff discover any new and/or additional domain names associated with Defaulting Defendants and/or Defendants' Websites, and using or incorporating the Sp5der Marks or any colorable imitation thereof ("Additional Infringing Domain Name(s)"), upon Plaintiff's request, the Third Party Service Providers shall, within thirty (30) days of Plaintiff's request, change the registrar(s) of record for the Additional Infringing Domain Name(s) to a registrar of Plaintiff's choosing, thereby transferring the Additional Infringing Domain Name(s) to Plaintiff.

## V.     Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## VI. <u>**Miscellaneous Relief**</u>

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets, Defaulting Defendants' Additional Assets and/or Defaulting Defendants' Additional Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed in contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

So Ordered.  The Clerk of Court is respectfully directed to close the motion at ECF No. 39.

Dated: May 1, 2024
New York, New York

_____
HON. DALE E. HO
UNITED STATES DISTRICT JUDGE

6